## DUNN *v.* BRAY *et al.*

1. Under the evidence it was not error for the court to charge the jury in the language of section 4636 of the Civil Code, which states the rule as to when equity will decree the performance of voluntary agreements and gratuitous promises.
2. There was sufficient evidence to support the verdict.

MAY 11, 1916.

Equitable petition.   Before Judge Littlejohn.   Dooly superior court.   April 15, 1915.

*Powell & Lumsden* and *E. F. Strozier,* for plaintiff.

*Whipple & McKenzie* and *L. L. Woodward,* for defendants.

BECK, J.   D. J. Dunn brought his petition, praying for injunction and for the recovery of certain described lands, against G. W. Bray and other named defendants, the sons of G. W. Bray and his wife, Mrs. Carrie Bray, she being the daughter of Isaac Dunn, who was the father of the plaintiff.   The defendants derived title through Carrie Bray from Isaac Dunn, and the plaintiff based his claim of title upon a deed of conveyance from Isaac Dunn.   The defendants claimed that the common grantor, Isaac Dunn, had made a parol gift of the land in question to his daughter, Mrs. Carrie Bray, and in pursuance of this gift G. W. Bray and his wife, Carrie, had entered upon the land and erected valuable improvements thereon; and that the deed from Isaac Dunn, which conveyed a tract of land including the land in controversy, was junior to the gift of Isaac Dunn to his daughter, which gift had been made effective as above set forth.   Evidence was introduced by both parties, and the jury returned a verdict in favor of defendants.   The plaintiff made a motion for a new trial, which was overruled.

1.   The evidence was conflicting, but there was evidence to

authorize the jury to find that the gift of the common grantor, Isaac Dunn, had been made to Mrs. Carrie Bray, as claimed by her heirs in the defense which they set up in answer to plaintiff's petition, and that the gift had been made complete by taking possession of the land and making valuable improvements thereon before the execution of the deed relied upon by the plaintiff as the basis of his title. The verdict, therefore, will not be disturbed on the ground that it was without evidence to support it.

2. In the course of his instructions to the jury the court charged the law as declared in section 4636 of the Code of 1910, wherein is stated the rule that specific performance will not be decreed of a voluntary agreement, but that if possession of land has been given under such agreement upon a meritorious consideration and valuable improvements made upon the faith thereof, equity will decree the performance of the agreement. Movant contended that the giving of this principle of law was error, because it was inapplicable to the issue in the case, there being no contention on the part of the defendants that they should have specific performance at the hands of the plaintiff. It is true there was no prayer for specific performance at the hands of the plaintiff, nor was specific performance at the hands of any one prayed for. Nevertheless, it was proper to give this charge, because it illustrated the character of defendants' title. The charge was appropriate as an illustration of the status of the defendants relatively to the controversy over the title to the land. They were in position to have demanded specific performance of the donor to Mrs. Carrie Bray, through whom they derived title. The court might well have instructed the jury, instead of giving the language of the code section referred to, that while the defendants were not asking for specific performance, if the parol gift had been made as claimed, and valuable improvements been made thereon, then they had a perfect equity and could defend upon that. Instead of doing this, he merely, in this part of the charge, put the defendants in the place of the one who had the right to demand specific performance, and instructed the jury that the defendants, being in this position, could stand upon that right as a defense. This may have been a somewhat roundabout way of bringing before the jury the real foundation of defendants' rights, but it was not calculated to lead the jury from the proper path, and afforded the

plaintiff nothing of which he could complain; especially as the court in other parts of the charge appropriately and succinctly stated to the jury what would constitute a complete gift of land, and what it was necessary for the donee to do in order to make the gift complete.  *Judgment affirmed.  All the Justices concur.*